## Commonwealth v. Maguire.

*Boroughs—Ordinances—Traffic regulations—Orders by policeman—Equal protection of laws.*

A borough ordinance which requires that "pedestrians and drivers shall . . . obey the orders given them by the policeman of the borough with reference to the use of the highways" is void, in that it delegates to police officers an arbitrary power to direct what the citizen must do with reference to the highways and tends to deprive persons of the equal protection of the laws.

Appeal from summary conviction. C. C. Allegheny Co., 1926, No. 1202.

*C. J. Tannehill,* for plaintiff; *R. P. & M. R. Marshall,* for defendant.

SNEE, J.—The defendant, J. E. Maguire, was convicted before J. L. Miller, Burgess of the Borough of Pitcairn, under the provisions of an ordinance of said borough, being Ordinance No. 335, entitled "An ordinance regulating the use of public highways, and providing penalties for violation thereof."

The information is made under article 9 thereof, which provides as follows: "Sect. 1. Pedestrians and drivers shall at all times observe and obey the directions and orders given them by the policemen of this borough with reference to the use of the highways of this borough."

The evidence disclosed that the defendant drove in a "safety zone" on a public street, and upon being notified by the police officer to forthwith move away from said zone, the defendant refused and was placed under arrest.

The information is not brought for the violation of parking regulations, but is precisely laid under the section above set forth; that is, the complaint is that defendant refused to obey the command of the officer in relation to the removal of his vehicle from the safety zone.

The defendant defends chiefly upon the ground that the section of the ordinance under which the information is brought is invalid and unconstitutional.

The Commonwealth's case must stand or fall under the provisions of article 9, section 1, above recited. Under it a police officer is clothed with authority to direct at his discretion what the citizen must do with reference to his use of the highways. Such authority, in our opinion, cannot thus be delegated. In City of St. Louis v. Allen, 275 Mo. 501, the Supreme Court was called upon to consider similar provisions in a city ordinance. In that case, the court says: "The ordinance here involved puts the citizen in the arbitrary power of the officer, regardless of the circumstances of the case. Its invalidity is so glaring that the respondent has not cited any authority to uphold it. . . . In our opinion, the ordinance in question is subject to the objection that it may deprive persons of the equal protection of the laws and that, though the city may have a meritorious case, it cannot be based on that invalid ordinance."

If the defendant here had been charged with the violation of a parking regulation or with offending against police regulations which were in force and definitely prescribed, we might have reached a different conclusion, but after a careful consideration of the terms of that portion of the ordinance directly involved in this case, we are of the opinion that article 9, section 1, of the said ordinance is inoperative and void.

We are not called upon to pass upon any other matter raised in the disposition of this case. The good faith of the arresting officer in this case is not involved.

The conviction cannot be sustained for the reasons herein assigned.

An order will be entered adjudging the defendant not guilty.

From William J. Aiken, Pittsburgh, Pa.